UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Keith Crow,                                            12-CV-2216 (PJS/FLN)

    Plaintiff,

v.                                                     **REPORT AND
                                                       RECOMMENDATION**

Kris Severs, Glen Lisowav, Bill Braun,
Lieutenant McQuillan, David Reishus,
Kent Grandlienard, Terry Carlson,
Tom Roy, Sheila Monio and Dr. Craane,

    Defendants.

_____

Keith Crow, pro se.
Jackson Evans, Assistant Attorney General, for State Defendants.
Andrea Hoversten for Dr. Craane.

_____

**THIS MATTER** is before the undersigned United States Magistrate Judge on Crow's motions for a temporary restraining order or a preliminary injunction (ECF No. 22, 49 and 88). This matter was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, this Court recommends that Crow's motions be **DENIED.**

### I. BACKGROUND

Keith Crow is a prisoner of the State of Minnesota who is currently incarcerated at the High Desert State Prison in California. In 2005 Crow was found guilty of aiding and abetting first-degree murder and was sentenced to life in prison without parole. ECF No. 47. After two years in custody with the Minnesota Department of Corrections (DOC) (November 2005 - September 2007), Crow was transferred to the Connecticut Department of Corrections. Crow was returned to the Minnesota

DOC in December 2010. In May 2012 he was transferred to High Desert.[1]

    **A.    Facts underlying Crow's present lawsuit against the Minnesota DOC**

On February 2, 2012, while Crow was incarcerated at Oak Park Heights in Minnesota, Defendant Severs "inadvertently" allowed another prisoner the same rec room that Crow occupied. According to Severs' incident report, he immediately realized his mistake and observed the other prisoner approach Crow and start throwing punches. ECF No. 18-2 at 8. Crow alleges that he was forced to defend himself in what he characterizes as a "gladiator-style flight" in a "locked cage." ECF No. 18 at 3. Crow claims that he suffered a black eye, several loose teeth and a permanent injury to his back. *Id.*[2] Crow later sued the Defendants on five counts: (1) cruel and unusual punishment; (2) expost facto clause violations (including retaliation); (3) due process violations; (4) equal protection violations and (5) medical negligence. ECF No. 18 at 1-17.

    **B.    Crow's February 8, 2013 motion for temporary restraining order**

Crow alleges that he was sent to High Desert—a "notoriously dangerous prison"—in retaliation for complaining about the February 2012 incident. Crow's February 8 motion for a TRO alleges that his life is in danger because he is under protective custody, is an out-of-state inmate and has a prior arrest record for sexual misconduct. ECF No. 22 at 1.[3] *Id.* He indicates that he repeatedly tried to inform prison officials in California that "his life [is] threatened." *Id.* On January 29, 2013,

---

[1]     Crow was transferred to Connecticut and is now incarcerated in California pursuant to the Interstate Corrections Compact. *See* Minn. Stat. §§ 241.28–30 (2012). According to Minnesota DOC officials Crow has been transferred to prisons outside of Minnesota due to "security concerns." ECF No. 47.

[2]     Crow was disciplined for the incident with a disorderly conduct reprimand. ECF No. 18-2.

[3]     According to Crow, "California prison culture" requires inmates to show their arrest record to their cellmate. ECF Nos. 22, 49 and 88.

after multiple incidents of violence in the prison, Crow purposely got into a fight with his cellmate so that he would be moved to an individual cell. ECF 49 at 1. Crow noted that two cell murders occurred since January.[4] He further argues that the Defendants responsible for his transfer "knew or should have known . . . potential harm to Plaintiff if house[d] in notoriously violent prison system as a registered sex-offender." *Id.* at 2. Crow seeks injunctive relief that orders he be (1) transferred back to Minnesota DOC or into the custody of the United States Marshals, (2) held in a single cell until he is transferred and (3) granted access to legal materials. *Id.*

### C. Crow's April 8, 2013 motion for temporary retraining order

On April 8, 2013 Crow filed a second motion for injunctive relief. In his motion and supporting declaration, he alleges that Minnesota DOC officials contacted the California Department of Corrections and Rehabilitation staff to "increase harassment so Plaintiff will voluntarily dismiss valid [meritorious] lawsuit or face death." ECF No. 49 at 2. Crow notes several verbal communications from staff at High Desert that he interprets as clear threats, including "I can't wait to give you another celly" and, after again refus[ing] a cellmate, "I'm going to tell committee and request to release you back to General Population." *Id.* He also contends that his legal materials have been taken away from him as punishment. Crow seeks an order that he be (1) placed in 24-lock down by himself to ensure his safety and (2) granted access to his legal papers. *Id.*[5]

---

[4]  According to a blog maintained by the California Department of Corrections, one inmate murder occurred in January 2013 and another in February 2013. *See* http://cdcrtoday.blogspot.com/2013/01/inmate-death-at-high-desert-state.html and http://cdcrtoday.blogspot.com/2013/02/inmate-death-at-high-desert-state.html.

[5]  Crow filed a third motion for a TRO on July 8, 2013. The Court has reviewed that motion. Because no new facts or legal arguments are included in the motion, the Court will not summarize it. *See* ECF No. 88.

### D. Subsequent factual developments

On May 23, 2013 this Court ordered the State Defendants to respond to Crow's second motion for a TRO. ECF No. 66. The Court specifically requested that the Defendants address High Desert's ability to provide for Crow's safety and to address his request to be placed in 24-hour lock down. Defendants' memorandum in opposition, dated June 10, 2013, indicates that—after various placements within High Desert—the prison staff determined that Crow should be transferred to another facility in California. ECF No. 77. High Desert prisoner status reports attached to Peggy Malecha's Second Affadavit confirm this development. *See* ECF No. 80, Exhibit A and B. Crow is being held in a single cell in administrative segregation until the transfer occurs. *Id.*

## II. ANALYSIS

### A. Standard of Review

A temporary restraining order or preliminary injunction should be issued to "preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir. 1994) (per curiam). A preliminary injunction is an extraordinary remedy and is not appropriate when there is an adequate remedy at law. *Watkins Inc., v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003). The burden of proving that a preliminary injunction should be issued "rests entirely with the movant." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995).

The Court balances four factors to determine whether a preliminary injunction should be issued. *Dataphase Systems v. CL Systems,* 640 F.2d 109, 113 (8th Cir. 1981). The factors include (1) the threat of irreparable harm to the movant, (2) the balance between the harm and the injury that granting the injunction will inflict on other parties, (3) the probability that the movant will succeed

on the merits and (4) the public interest. Failure to show irreparable injury is an independently sufficient ground upon which to deny a preliminary injunction. *See Adam-Mellang v. Apt. Search, Inc.*, 96 F.3d 297, 299 (8th Cir. 1996). Here, Crow has not shown that he will suffer irreparable injury and fails to prove any of the other factors in his favor.

B. **The *Dataphase* factors**

1. **Crow fails to demonstrate that he will suffer irreparable harm absent issuance of a preliminary injunction.**

Crow argues that his life is in danger at High Desert. Defendants argue that Crow's safety concerns have been addressed by the California authorities. The Court agrees with the Defendants. Although the Court finds Crow's safety concerns to be credible, it appears that the High Desert staff have taken measures to ensure his safety: he is being housed in a single cell and is awaiting transfer to another facility. As such, the alleged threat to his life appears to have been neutralized and Crow has failed to demonstrate that he will suffer irreparable harm absent a preliminary injunction.[6]

---

[6] To the extent that Crow seeks to argue irreparable harm due to lack of access to legal materials, the Court concludes that he has not demonstrated irreparable harm. Crow has made multiple filings each month since he filed this suit, demonstrating access to the courts. *Bounds v. Smith*, 430 U.S. 817, 827 (1977) (holding that meaningful access to the courts is the capability to bring "actions seeking new trials, release from confinement, or vindication of fundamental civil rights."); *see also White v. Kautzky*, 494 F.3d 677, 680, 2007 U.S. App. LEXIS 16930 (8th Cir. Iowa 2007). The Court acknowledges that Crow specifically alleges he does not have adequate access to legal research facilities. However, Crow has no constitutional right to greater access than he already has. *See Lewis v. Casey*, 518 U.S. 343, 360 (1996) (holding ". . . the Constitution does not require that prisoners [ ] be able to conduct generalized research, but only that they be able to present their grievances to the courts . . ."). Notably, in Crow's most recent motion for a TRO, he cites to several cases in support of his argument, which suggests access to some legal research facilities.

### 2. Crow has failed to demonstrate that the balance of harm weighs in his favor.

Crow cannot establish that the balance of harm weighs in his favor because the primary relief he sought from the Court has been realized: he is already being housed in a single cell and he is scheduled to be transferred to another facility. Were the Court to intervene further, the balance of harm would more greatly burden the state. *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349-50 (1987) (holding that Courts should generally defer to prison administrators on the safest and most efficient way to run prisons); *see also Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982).

### 3. Crow is unlikely to succeed on the merits.

Crow argues he is likely to succeed on the merits of his retaliation claim because he believes he can prove that the Minnesota DOC transferred him to High Desert in retaliation for the complaints he made after the allegedly forced "Gladiator style" fight. *See* ECF Nos. 22, 49 and 18 at 13. Defendants argue that even if Crow could establish the first two elements of a retaliation claim (that he engaged in a protected activity and adverse action was taken against him), he cannot prove the third element—that is, that the exercise of some protected activity (Crow's complaints about the fight) was the motivation for the adverse action (transferring Crow out of state). *See Haynes v. Stephenson*, 588 F.3d 1152, 1155 (8th Cir. 2009). The Court agrees with Defendants. The record makes clear that the DOC was trying to transfer Crow at least one year before the February 2012 incident. ECF No. 47, Ex. B. Specifically, the DOC's letter to California's Interstate Corrections Compact Coordinator is dated August 19, 2011, six months prior to the fight incident. This documentary evidence suggests a high likelihood that Crow will fail on the merits of his retaliation claim.

### 4. Crow has failed to demonstrate injunctive relief is in the public interest.

Crow cannot demonstrate that Court action is in the public interest for the same reason that he cannot show the balance of harm weighs in his favor: the primary relief he sought has already been realized. Thus, the public interest weighs in favor of the Court not granting injunctive relief.

### III. RECOMMENDATION

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's motions for a preliminary injunction (ECF Nos. 22, 49 and 88) should be **DENIED**.

DATED: August 20, 2013        _s/Franklin L. Noel_
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **September 4, 2013**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.