UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| KEITH CROW, | Case No. 12-CV-2216 (PJS/FLN) |
| Plaintiff, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| OFFICER KRIS SEVERS; SGT. GLEN LISOWAV; SGT. BILL BRAUN; LT. MCQUILLAN; DAVID REISHUS; KENT GRANDLIENARD; TERRY CARLSON; TOM ROY; SHEILA MONIO; and DOCTOR CRAANE, | |
| Defendants. | |

Keith Crow, pro se.

Jackson Evans and Scott A. Grosskreutz, MINNESOTA ATTORNEY GENERAL'S OFFICE, for defendants Officer Kris Severs, Sgt. Glen Lisowav, Sgt. Bill Braun, Lt. McQuillan, David Reishus, Kent Grandlienard, Terry Carlson, Tom Roy, and Sheila Monio.

Andrea Pavelka Hoversten and John B. Casserly, GERAGHTY, O'LOUGHLIN & KENNEY, P.A., for defendant Doctor Craane.

This matter is before the Court on plaintiff Keith Crow's objection to the August 21, 2013 Report and Recommendation ("R&R") of Magistrate Judge Franklin L. Noel. Judge Noel recommends denying each of Crow's three pending motions for a temporary restraining order ("TRO") and preliminary injunction. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court adopts the R&R.

Only two issues merit comment:

First, Crow alleges in his objection that prison officials have been deliberately indifferent to his medical needs — specifically, to back injuries that he incurred during a fight in

February 2012.  Obj. at 2-4 [ECF No. 114].  That issue, however, was not adequately raised by Crow in his motions for preliminary relief.  Despite Crow's claims to the contrary, he did not mention this issue in his February 8, 2013 motion for a TRO.  ECF No. 22.  Nor did he mention this issue in his April 8, 2013 motion for a TRO.  ECF No. 49.  And although Crow did (briefly) allude to this issue in his July 8, 2013 motion for a TRO, the relief that he seeks in that motion — to be placed on "24 hour lockdown" until he can be transferred to a different prison — is entirely unrelated to the harm he alleges to be suffering due to defendants' alleged deliberate indifference to his medical needs.  ECF No. 88 at 13.

In any event, Crow has failed to demonstrate a likelihood of success on the merits of his deliberate-indifference claim.  "A prima facie case alleging deliberate indifference requires the inmate-plaintiff to demonstrate that she suffered from an objectively serious medical need and the prison officials actually knew of but deliberately disregarded that need."  *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008) (quotation omitted).  Crow has not come close to showing that he suffers from an objectively serious medical need; indeed, according to the evidence submitted by Crow, a doctor examined his back approximately three months after the February 2012 fight and found only mild abnormalities.  *See* ECF No. 18-2 at 13.  Moreover, Crow has been examined at least twice by medical professionals on account of his complaints of back pain, belying any argument that prison officials have deliberately ignored his medical needs. *See id.*; ECF No. 30-2 at 19-20.  Because Crow has not demonstrated a likelihood of success on the merits of his deliberate-indifference claim, he is not entitled to preliminary injunctive relief on the basis of that claim.  *See Barrett v. Claycomb*, 705 F.3d 315, 320 (8th Cir. 2013) (stating

that "likelihood of success on the merits" is the "most significant" factor in determining whether to grant preliminary injunctive relief) (quotation omitted).

Second, Crow requests in his February 8, 2013 motion that the Court appoint counsel to represent him in this case. That request is denied for the reasons stated in the Court's previous orders denying Crow's motions to appoint counsel. *See* ECF Nos. 20, 71, 103. Likewise, Crow's most recent motion for appointment of counsel [ECF No. 111] is also denied for the reasons stated in those previous orders. Crow is an extraordinarily litigious prisoner who has demonstrated, in countless filings, that he is capable of representing himself vigorously and competently. The Court will not appoint counsel to represent him in this case.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES plaintiff Keith Crow's objection [ECF No. 114] and ADOPTS the August 21, 2013 R&R [ECF No. 104]. Accordingly, IT IS HEREBY ORDERED THAT:

1. Crow's February 8, 2013 motion to appoint counsel and for a temporary restraining order [ECF No. 22] is DENIED.

2. Crow's April 8, 2013 motion for a temporary restraining order [ECF No. 49] is DENIED.

3. Crow's July 8, 2013 motion for a temporary restraining order and preliminary injunction [ECF No. 88] is DENIED.

4. Crow's motion to appoint counsel [ECF No. 111] is DENIED.

Dated: September 20, 2013

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge