UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Keith Crow,                                                    12-CV-2216 (PJS/FLN)

      Plaintiff,

v.                                                             **REPORT AND**
                                                                             **RECOMMENDATION**

Dr. Stephen Craane, et al.

      Defendants.

_____

Keith Crow, pro se.
Andrea Hoversten for Dr. Craane.

_____

**THIS MATTER** is before the undersigned United States Magistrate Judge on Defendant Dr. Stephen Craane's motion to dismiss (ECF No. 35). This matter was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, this Court recommends that Dr. Craane's motion be **GRANTED**.

## I. BACKGROUND

Keith Crow is a prisoner of the State of Minnesota who is currently incarcerated at the High Desert State Prison in California. In 2005, Crow was found guilty of aiding and abetting first-degree murder and was sentenced to life in prison without parole. ECF No. 47. After two years in custody with the Minnesota Department of Corrections (DOC) (November 2005 - September 2007), Crow was transferred to the Connecticut Department of Corrections. Crow was returned to the Minnesota

DOC in December 2010. In May 2012 he was transferred to High Desert.[1]

## A. Facts underlying Crow's lawsuit.

On February 2, 2012—while Crow was incarcerated at Oak Park Heights in Minnesota—Defendant Severs, a DOC staff person, "inadvertently" allowed another prisoner into the same recreation room that Crow occupied. According to Severs' incident report, he immediately realized his mistake and observed the other prisoner approach Crow and start hitting him. ECF No. 18-2 at 8. Crow alleges that he was forced to defend himself in what he characterizes as a "gladiator-style fight" in a "locked cage." ECF No. 18 at 3. Crow claims that he suffered a black eye, several loose teeth and a permanent injury to his back. *Id.*[2] Crow later sued the Defendants on five counts: (1) cruel and unusual punishment; (2) *ex post facto* clause violations (including retaliation); (3) due process violations; (4) equal protection violations and (5) medical negligence.[3] ECF No. 18 at 1-17.

## B. Crow's allegations against Dr. Craane.

Crow's complaint, liberally construed, alleges an Eighth Amendment violation and various medical negligence claims against Dr. Craane.[4] ECF No. 18, ¶¶ 16, 21, 22 and 23. Specifically,

---

[1] Crow was transferred to Connecticut and is now incarcerated in California pursuant to the Interstate Corrections Compact. *See* Minn. Stat. §§ 241.28–30 (2012). According to Minnesota DOC officials Crow has been transferred to prisons outside of Minnesota due to "security concerns." ECF No. 47.

[2] Crow was disciplined for the incident with a disorderly conduct reprimand. ECF No. 18-2.

[3] In addition to the claims alleged against Dr. Craane, Crow has sued multiple DOC staff. This R&R only concerns the allegations made agaisnt Dr. Craane.

[4] Crow includes the factual allegations against Craane that pertain to his Eighth Amendment claim under the section of his complaint entitled "Equal Protection Violations" (Count IV). The Court concludes that the allegations made against

Crow alleges Dr. Craane violated his Eighth Amendment right against cruel and unusual punishment by failing to order an X-ray of his back after the recreation room fight. In regard to Crow's medical negligence claims (Count V), he alleges Dr. Craane violated (1) his right to medical care under the United States and Minnesota Constitutions, (2) DOC policy 500.202, (3) the *Hines* Consent Decree and (4) Minnesota's patient "Bill of Rights." *Id.*[5]

## II. ANALYSIS

### A. Standard of Review

To determine the adequacy of a complaint under Rule 12(b)(6), the Court must construe the complaint liberally and afford the plaintiff all reasonable inferences to be drawn from the facts plead. *See Turner v. Holbrook*, 278 F.3d 754, 757 (8th Cir. 2002). For the purpose of a motion to dismiss, facts in the complaint are assumed to be true. *In re Navarre Corp. Sec. Litig.*, 299 F.3d 735, 738 (8th Cir. 2002). Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions that are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and may not merely state legal conclusions. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998).

A pleading must contain enough facts to state a claim for relief that is "plausible on its face."

---

[5] Craane in Count IV are most appropriately analyzed under the Eighth Amendment's prohibition on cruel punishment, which Crow has alleged in Count I.

To the extent Crow sought to plead all five claims against Dr. Craane, the Court concludes that Crow failed to plead anything more than legal conclusions against Dr. Craane on all counts except the Eighth Amendment and medical negligence claims (Counts I and V).

3

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The plausibility standard is not akin to a "probability requirement," but it calls for more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 129 S. Ct. at 1949. In sum, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* Where the court finds that the facts alleged "do not permit the court to infer more than the mere possibility of misconduct," the pleader is not entitled to relief. *Id.* (citing Fed. R. Civ. P. 8(a)(2)).

**B. Crow has not plead sufficient facts to sustain an Eighth Amendment claim against Dr. Craane.**

Crow alleges that Dr. Craane violated his Eighth Amendment rights by not ordering an X-ray to examine his back injuries after the recreation room fight. ECF No. 18, ¶¶ 16, 21. Dr. Cranne argues that this allegation is insufficient to sustain an Eighth Amendment cruel and unusual punishment claim against him. ECF No. 36 at 5-7. The Court agrees with Dr. Craane.

The Supreme Court has held that deliberate indifference to an inmate's medical needs is unconstitutional. *Estelle v. Gamble*, 429 U.S. 97 at 105 (1976). However, in order to prove such a claim under the Eighth Amendment, the plaintiff must show: (1) that he suffered from an objectively serious medical need and (2) that Defendants knew of, but deliberately disregarded, that need. *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000). A "serious medical need" is one diagnosed by a physician or a condition so obvious that even a lay person would recognize the need for treatment. *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995). A prisoner's complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. *Estelle*, 429 U.S. 97 at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

4

Here, there is no dispute that Crow received medical treatment after the February 2, 2012 recreation room fight. The documentation Crow attached to his complaint shows that he received medical care shortly after the incident. ECF No. 18-2 at 10 (Crow's February 5, 2012 kite indicates he had blood drawn the day after the incident to test for HIV and Hepatitis exposure); *Id.* at 2-4 and 7 (Crow's February 14, 2012 and February 24, 2012 letters to Commissioner Roy note that he received medication for his back injuries, saw an eye doctor and was referred to a dentist).

Crow's only argument is that the injuries to his back were so severe and obvious that even a lay person would have ordered an X-ray. ECF No. 55 at 2.[6] However, Crow alleges no facts to support this claim. No facts pled detail the severity of the injuries to his back. Moreover, even if the Court were able to conclude that the injuries to his back were serious, Crow fails to plead facts that show Dr. Craane was deliberately indifferent to his medical needs. That is, no allegations made by Crow support the claim that Dr. Craane was subjectively aware of a serious medical condition and that he acted with conscious disregard toward that condition.

At best, Crow has alleged that Dr. Craane was negligent for not ordering an X-ray of his back. Mere negligence, however, is not enough to state an Eighth Amendment claim. *Roberts v. Blackwell*, 2000 U.S. App. LEXIS 240, *1 (8th Cir., Jan. 11, 2000). As explained by the Court in *Estelle*, "[a] medical decision not to order an X-ray [ ] does not represent cruel and unusual punishment." 429 U.S. 97, 107 (1976). For these reasons, Crow's Eighth Amendment claim against

---

[6] Crow makes arguments against Dr. Craane's motion to dismiss in multiple docket entries. *See* ECF Nos. 53, 55 and 75. The Court has reviewed all of Crow's arguments, but generally refers to ECF No. 55 because it is most comprehensive.

Dr. Craane should be dismissed.[7]

### C. Crow's claims based on the *Hines* Consent Decree, the Minnesota Patient's Bill of Rights and DOC policy 500.202 fail as a matter of law.

Crow alleges that Dr. Craane's actions (or lack thereof) violate the *Hines* Consent Decree, the Minnesota Patient's Bill of Rights and DOC policy number 500.202. The *Hines* Consent Decree, which set medical care standards for some Minnesota prisons, was terminated in 2007. *Hines v. Anderson*, 547 F.3d 915 (8th Cir. 2008) (upholding the District Court's decision to terminate the decree); *DeGidio v. Pung*, 920 F.3d 525, 534-35 (noting that when the decree was in effect, "[t]he nature of the decree [was] remedial. It [did] not purport to create substantive rights."). Thus, any claim alleged by Crow under the decree fails as a matter of law. Similarly, to the extent Crow attempts to plead claims under the Minnesota Patient Bill of Rights and the Minnesota Constitution, they fail because neither the Patient Bill of Rights nor the state constitution provide a private cause

---

[7]
> On May 17, 2012, Crow had X-rays of his lumbar spine and pelvic area taken in California. The analysis of these X-rays—submitted by Crow in support of his claim—support the conclusion that he is not suffering from a serious back injury. ECF No. 18-2 at 13. The lumbar X-ray revealed facet arthritis, but no fracture or dislocation. *Id.* The entirety of the pelvic X-ray analysis states:
>
>> Upper part of the ileum is cut off on the frontal projection, but the portion of this is visible on the accompanying lumbar spine film and is unremarkable. Otherwise bony structures are normal. There is fracture or dislocation. Miniminal reactive changes are seen in the hips.
>
> *Id.* Crow emphasizes the phrase "There is fracture or dislocation" in support of his claim. *Id.* However, the Doctor's conclusion was "[v]ery early hip arthritis, otherwise unremarkable study." *Id.* Thus, when read in context, it is clear that the statement "[t]here is fracture or dislocation" is a typographical error. Based on the Doctor's conclusions, it appears that the phrase was meant to read "[t]here is no fracture or dislocation."

of action. *Semler v. Ludeman*, 2009 U.S. Dist. LEXIS 122567, *81 (D. Minn. Nov. 23, 2009); *Selmer v. Finch*, 2007 Minn. App. LEXIS 696, *4 (Minn. Ct. App. 2007) ("We find that the Minnesota Patient Bill of Rights does not provide a private cause of action."); *Booker v. City of St. Paul*, 2013 U.S. Dist. LEXIS 110145, *57 (D. Minn. Aug. 6, 2013) (noting that the Minnesota Supreme Court has not recognized a private right of action for violations of the Minnesota Constitution). Finally, Minnesota DOC policy 500.202 does not provide a basis on which to allege a federal or state cause of action.[8] *E.g. Cole v. Bone*, 993 F.2d 1328, 1334 (8th Cir. 1992) (noting §1983 lawsuits can provide relief for violations of federal or constitutional rights, not state statutory or administrative provisions); *Danforth v. Eling*, 2010 Minn. App. Unpub. LEXIS 1057, *15 (Minn. Ct. App. Oct. 19, 2010) (holding that a violation of Minnesota DOC policies does not provide a cause of action under state tort law).

**D.     Crow's state law medical malpractice claim is deficient.**

Crow's alleged medical malpractice claim also fails. Plaintiffs who allege medical malpractice under Minnesota law must submit expert affidavits to establish a prima facie case of malpractice. Minn. Stat. § 145.682. Dr. Craane demanded compliance with this provision in his memorandum supporting his motion to dismiss on March 14, 2013. ECF No. 36. He reiterated that demand in his reply brief, filed on May 10, 2013. ECF No. 60. The penalty for not serving an expert affidavit within 60 days after it has been demanded by motion is mandatory dismissal with prejudice. Minn. Stat. 145.682, subd.6. Sixty days has long since passed and the Court is not aware of any effort made by Crow to comply with the statutory requirements necessary to state a medical

---

[8]     Policy 500.202 governs DOC internal procedures for Medication, Treatment and Transcription errors.

7

malpractice claim under Minnesota law. Thus, Crow's medical malpractice claim should be dismissed with prejudice.[9]

## III. RECOMMENDATION

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Dr. Stephen Crane's motion to dismiss (ECF No. 35) should be **GRANTED** and all claims against him should be **dismissed with prejudice.**

DATED: December 4, 2013
*s/Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **December 20, 2013**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

---

[9] The Court acknowledges that the expert affidavit requirement is not necessary if the defendant's liability can be established without it. Minn. Stat. 145.682, subd. 2; *Anderson v. United States*, 2013 U.S. Dist. LEXIS 56812, *55 (D. Minn. January 25, 2013). However, in this case, Crow makes no credible malpractice allegation against Dr. Craane. The X-ray results (discussed on page six) establish that Crow did not have a serious medical need that was wrongfully ignored by Dr. Craane. In sum, it appears Crow's malpractice claim is a nuisance lawsuit—the exact kind that the statutory expert affidavit requirement is designed to eliminate. *Wheatley v. Smith*, 2013 U.S. Dist. LEXIS 133369, *28 (D. Minn. June 25, 2013), *adopted by* LEXIS 132627, *2 (D. Minn. Sept. 16, 2013).

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.