UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| KEITH CROW, | Case No. 12-CV-2216 (PJS/FLN) |
| Plaintiff, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| OFFICER KRIS SEVERS; SGT. GLEN LISOWAV; SGT. BILL BRAUN; LT. MCQUILLAN; DAVID REISHUS; KENT GRANDLIENARD; TERRY CARLSON; TOM ROY; SHEILA MONIO; and DOCTOR CRAANE, | |
| Defendants. | |

---

Keith Crow, pro se.

Andrea Pavelka Hoversten and John B. Casserly, GERAGHTY, O'LOUGHLIN & KENNEY, P.A., for defendant Doctor Craane.

Plaintiff Keith Crow is a prisoner in the custody of the Minnesota Department of Corrections ("MDOC"). In this lawsuit — the fourth that Crow has filed in this Court since 2008 — Crow alleges that various prison officials forced him to participate in a "gladiator-style fight" with another inmate. *See* Am. Compl. at 3 [ECF No. 18]. Crow further alleges that those officials were deliberately indifferent to the injuries that he suffered as a result of the fight. Finally, Crow alleges that the officials transferred him to the "notorious[ly] violent and dangerous" California prison system in retaliation for his filing a grievance regarding the fight. *Id.* at 14. In his amended complaint, Crow asserts claims of (1) cruel and unusual punishment (specifically, deliberate indifference to medical needs), (2) "expose facto clause violations," *id.*

at 13 (sic), (3) due-process violations, (4) equal-protection violations, and (5) medical malpractice.  Each of those counts is brought against each of the defendants.

Defendant Stephen Craane (to whom Crow refers as "Doctor Craane" in his amended complaint) moves to dismiss the claims against him pursuant to Fed. R. Civ. P. 12(b)(6).  This matter is before the Court on Crow's objection to the December 5, 2013 Report and Recommendation ("R&R") of Magistrate Judge Franklin L. Noel.  In that R&R, Judge Noel recommends granting Craane's motion to dismiss.  *See* ECF No. 141.  The Court has conducted a de novo review.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Based on that review, the Court overrules Crow's objection and adopts the R&R.

As an initial matter, Craane's alleged role in the events that gave rise to this lawsuit — at least as those events are described in the amended complaint — was extremely limited.  Crow does not describe any involvement by Craane in forcing him to fight or in transferring him to California.  The only factual allegation (as opposed to legal conclusion) that Crow asserts against Craane is that Craane failed to order X-rays of Crow's back following the fight.

Thus, many of Crow's claims — although putatively brought against every defendant — cannot plausibly be read as relating to Craane.  For example, Crow alleges that each and every defendant violated his due-process rights by transferring him to the California prison system.  Am. Compl. at 14.  But Crow does not plead a single fact that, if proved, would establish that Craane played any role in that transfer.  Crow's shotgun approach to pleading — and his insistence on pleading every aspect of every claim against every defendant — makes it difficult to discern exactly what he is accusing each defendant of doing.

That said, the Court finds that Crow's amended complaint can fairly be read as asserting the following claims against Craane:  First, Crow alleges that Craane violated the Eighth Amendment through his deliberate indifference to Crow's back injuries.  Second, Crow alleges that Craane's failure to order X-rays of his back violated the Ex Post Facto Clause.  Third, Crow alleges that Craane discriminated against him and thereby violated the Equal Protection Clause.  And fourth, Crow alleges that Craane violated Minnesota state law by failing to meet the standard of care imposed on medical professionals.  The Court will examine each claim in turn.

First, Crow alleges that Craane exhibited deliberate indifference to his medical needs by failing to order X-rays of his back following the fight.  To establish deliberate indifference, Crow must demonstrate that he suffered from an objectively serious medical need and that Craane actually knew of but deliberately disregarded that need.  *See Santiago v. Blair*, 707 F.3d 984, 990 (8th Cir. 2013).  In order to prove deliberate indifference to a serious medical need, Crow "must show more than negligence, more even than gross negligence . . . ." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).  In fact, "[d]eliberate indifference is akin to criminal recklessness . . . ." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008).

It is highly unlikely that Crow's alleged back injuries presented an "objectively serious medical need."[1]  *Santiago*, 707 F.3d at 990.  But assuming, for the sake of argument, that Crow did indeed present such a need, Crow has nevertheless failed to plead facts showing that Craane "actually knew of but deliberately disregarded the need." *Id*.  Nothing in the amended complaint

---

[1]As explained in the R&R, Crow's claims against Craane appear to be grounded on an obvious typographical error in a written analysis of x-rays taken of Crow's back three months after the fight.  The analysis stated that "[t]here is fracture or dislocation."  ECF No. 18-2 at 13.  But a reading of the entire analysis makes clear that the analyst meant to say "[t]here is *no* fracture or dislocation."  *See* R&R at 6 n.7.

indicates that Craane deliberately disregarded Crow's back injuries; to the contrary, the documents attached to Crow's amended complaint make clear that Craane examined Crow and prescribed painkillers for his injuries. *See* ECF No. 18-2 at 2; *cf.* Obj. at 2 [ECF No. 157] (acknowledging that Craane examined Crow shortly after the fight). At most, Crow has alleged that Craane was negligent in failing to go further and order X-rays of his back. "But the question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment." *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Accordingly, Crow's deliberate-indifference claim must be dismissed.

Second, Crow's claim that Craane violated the Ex Post Facto Clause by failing to order X-rays is frivolous. "[T]he text of the Ex Post Facto Clause makes clear that it only limits the powers of legislatures . . . ." *Janecka v. Cockrell*, 301 F.3d 316, 322 n.9 (5th Cir. 2002); *cf. Glynn v. Auger*, 678 F.2d 760, 761 (8th Cir. 1982) (per curiam). Craane is a prison doctor, not a legislator.

Third, Crow's discrimination claim against Craane consists of scattered incantations that "[D]efendant Craane discriminat plaintiff and violate plaintiff equal protection . . . ." Am. Compl. at 11 (sic); *see also id.* at 15. Conclusory statements such as these are insufficient, by themselves, to state a plausible claim of discrimination. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that conclusory allegations "are not entitled to the assumption of truth."). Moreover, Crow has effectively abandoned his discrimination claim against Craane. Crow did not respond to Craane's motion to dismiss with respect to that claim, and Crow's objection mentions the discrimination claim only once, in passing. *See* Obj. at 6 n.4 ("Plaintiff's varified

complaint against defendant Craane includes due process, ex pose facto clause and equal protection claims." (sic)).

Finally, as to Crow's medical-malpractice claim:  Craane exercised his right to demand that Crow supply an expert affidavit attesting that Craane "deviated from the applicable standard of care and by that action caused injury to the plaintiff . . . ."  Minn. Stat. § 145.682, subd. 3. Nearly a year has passed since this demand was made, but Crow has not supplied the required affidavit.  *See* ECF No. 36 at 11.  Consequently, Crow's medical-malpractice claim must be dismissed.[2]  *See* Minn. Stat. § 145.682, subd. 6(a).  Moreover, Crow's attempts to camouflage his medical-malpractice claim as a claim for violation of the *Hines* consent decree, *see Hines v. Anderson*, 439 F. Supp. 12 (D. Minn. 1977), as a claim for violation of the Minnesota Patients' Bill of Rights, and as a claim for violation of MDOC policy 500.202 fail for the reasons explained in the R&R.  *See* R&R at 6-7.

For these reasons, Crow has failed to assert a plausible claim for relief against Craane, and therefore Craane's motion to dismiss Crow's amended complaint is granted.

---

[2]There are exceptions to this mandatory-dismissal rule, but none is applicable here.  First, "[t]here are . . . exceptional cases in which expert testimony is not necessary" to make a prima facie case of malpractice.  *Tousignant v. St. Louis Cnty.*, 615 N.W.2d 53, 58 (Minn. 2000) (quotation omitted).  "For example, an affidavit is not required in a clear *res ipsa loquitur* situation (i.e. the wrong limb amputation, surgical tools left in surgery site)."  *Tineo v. Fed. Bureau of Prisons*, No. 05-CV-0724, 2005 WL 1745451, at *2 n.2 (D. Minn. July 22, 2005). This is not such an "exceptional" case.  Second, Crow has not established that his failure to supply the necessary expert affidavit is the result of "excusable neglect."  *Mercer v. Andersen*, 715 N.W.2d 114, 123 (Minn. Ct. App. 2006).  Crow has had almost a year to procure the expert affidavit, and Crow has not provided a legitimate excuse for failing to do so.  Finally, the Court notes that neither Crow's status as a prisoner nor his status as a pro se litigant excuses him from meeting the expert-affidavit requirement.  *Cf.* Minn. Stat. § 145.682, subd. 5 (affirming that pro se litigants are subject to the expert-affidavit requirement); *Tineo*, 2005 WL 1745451, at *3 (dismissing complaint by pro se prisoner for failure to follow expert-affidavit requirement).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES plaintiff Keith Crow's objection [ECF No. 157] and ADOPTS the December 5, 2013 R&R [ECF No. 141].  Accordingly, IT IS HEREBY ORDERED THAT:

1. Defendant Stephen Craane's motion to dismiss [ECF No. 35] is GRANTED.

2. All of Crow's claims against Craane are DISMISSED WITH PREJUDICE AND ON THE MERITS.

Dated: February 6, 2014

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge