UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

KEITH CROW,                                    Case No. 12-CV-2216 (PJS/FLN)

                    Plaintiff,

v.                                                              ORDER

OFFICER KRIS SEVERS, SGT GLEN
LISOWAY, SGT BILL BRAUN,
LT McQUILLAN, DAVID REISHUS,
KENT GRANDLIENARD, TERRY
CARLSON, TOM ROY, and SHEILA
MONIO,

                    Defendants.

---

Keith Crow, pro se.

Jackson Evans and Scott A. Grosskreutz, MINNESOTA ATTORNEY
GENERAL'S OFFICE, for defendants.

Plaintiff Keith Crow was convicted of first-degree murder and sentenced to life in prison
without possibility of parole.  Crow has been incarcerated in various prisons — in and out of
Minnesota — including the prison in Oak Park Heights, Minnesota.  While he was at Oak Park
Heights, Crow was housed in a section of the prison that has been set aside for inmates who
cannot be housed with the general inmate population, either because they are dangerous or
because they would be in danger.  Wherley Aff. ¶¶ 4-5 [ECF No. 168].  In that high-security
section, each prisoner lives by himself in a private cell, and each prisoner exercises by himself in
one of 22 private recreation rooms.  *Id.* ¶ 5.  Access to the cells and recreation rooms is remotely
controlled by prison guards.  *Id.* ¶¶ 6-7.

On February 2, 2012, Crow was exercising in one of the recreation rooms.  Defendant
Officer Kris Severs pressed a button that let another inmate, Alan Duncan, into the same room.

Severs Aff. ¶ 8 [ ECF No. 169].  Crow and Duncan began fighting.  Corrections officers were immediately summoned to the scene, and the altercation between Crow and Duncan was over within 30 seconds.  *Id.* ¶ 10.  For his part in the fight, Crow was charged with disorderly conduct and, after he waived his right to a disciplinary hearing and pleaded no contest, he was sentenced to ten days in administrative segregation.  Wherley Aff. Ex. 8 [ECF No. 168-3].  Several months later, Crow was transferred to a California prison.  Malecha Aff. Ex. A, at 2 [ECF No. 47-1].

Crow has brought this lawsuit against Severs and others under 42 U.S.C. § 1983, alleging (among other claims) that Severs acted with deliberate indifference to a substantial risk of serious harm by letting Duncan into his recreation room, that Crow was not afforded due process when he was disciplined without a hearing, that Crow was transferred to a California prison in retaliation for filing grievances related to the fight, and that Crow received "extra punishment" in the aftermath of the fight in violation of the Ex Post Facto Clause.  Crow also claims that various other prison officials are liable for these alleged constitutional violations because they failed to properly train and supervise prison staff.

This matter is before the Court on Crow's objection to the July 31, 2014, Report and Recommendation ("R&R") of Magistrate Judge Franklin L. Noel [ECF No. 198].  Judge Noel recommends that defendants' summary-judgment motion be granted.  The Court has conducted a de novo review.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Based on that review, the Court agrees with Judge Noel's analysis and adopts the R&R.  Many of Crow's objections [ECF

No. 206] rehash arguments that the R&R satisfactorily addresses, but five points merit brief discussion.[1]

*First*, in support of his deliberate-indifference claim, Crow discusses at length the extent of his injuries and Duncan's dangerousness.  But to succeed on his deliberate-indifference claim, Crow must first prove that "an excessive risk to [his] health or safety was known or obvious to [Severs]."  *Jackson v. Everett*, 140 F.3d 1149, 1152 (8th Cir. 1998).  According to the uncontradicted evidence in the record, prison officials were not aware of any animosity between Duncan and Crow, nor were they aware of any threats made against Crow by Duncan.  Severs Aff. ¶¶ 5, 13–14.  The Eighth Circuit has "held that prison officials are entitled to qualified immunity from claims arising out of a surprise attack by one inmate on another."  *Prosser v. Ross*, 70 F.3d 1005, 1007 (8th Cir. 1995).  "This is true even if the official knows (as [Crow] alleges) that the attacking inmate may be dangerous or violent."  *Id*.

Moreover, even if Severs had been aware that Duncan posed an excessive risk to Crow's safety, Severs cannot be held liable unless he had a "sufficiently culpable state of mind" when he let Duncan into Crow's recreation room.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Whitson v. Stone Cnty. Jail*, 602 F.3d 920, 923 (8th Cir. 2010).  "In evaluating a prison official's response to a known risk to inmate safety, 'deliberate indifference includes something more than negligence but less than actual intent to harm'; it requires proof of a reckless disregard of the known risk."  *Jackson*, 140 F.3d at 1152 (quoting *Newman v. Holmes*, 122 F.3d 650, 653 (8th

---

[1]Crow also objects to two orders of Judge Noel dated June 30, 2014, [ECF Nos. 189 & 191] addressing discovery disputes.  (The orders were entered on the docket on July 1.)  The Court has reviewed the orders and finds that they are neither clearly erroneous nor contrary to law.  *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

Cir. 1997)).  Thus, if Severs acted accidentally or even carelessly, he did not act with deliberate indifference to Crow's safety, and he cannot be held liable.

Severs claims that he accidentally pushed the button that unlocked the door to Crow's room.  As Judge Noel found, the evidence in the record corroborates Severs's claim and refutes Crow's claim that Severs intentionally staged a "'Gladiator-style' fight" between Crow and Duncan for his own amusement.  Am. Compl. at 3 [ECF No. 18].  Specifically, the buttons for Crow's room and Duncan's intended room were right next to each other on the panel operated by Severs; other prison staff were immediately called to break up the fight; and the fight lasted less than 30 seconds.  Severs Aff. ¶¶ 8-10.  None of this suggests the staging of a "gladiator-style fight."  Crow's assertion that an inmate told him that Duncan was headed toward another recreation room when Severs stopped him and ordered him to enter Crow's room is inadmissible hearsay, which cannot defeat a motion for summary judgment.  *Jones v. McNeese*, 746 F.3d 887, 894-95 (8th Cir. 2014); *Cronquist v. City of Minneapolis*, 237 F.3d 920, 927 (8th Cir. 2001).[2]

---

[2]Crow complains that it is difficult for him to get affidavits from this inmate and others because Crow was transferred to a California prison and cannot afford to hire a lawyer to help him investigate.  Accordingly, Crow has moved — for the *tenth* time — for appointment of counsel.  In denying his previous motions, the Court explained that the factual and legal issues in this litigation are not complex and that Crow's countless filings in this lawsuit and the other lawsuits that he has prosecuted demonstrate his ability to effectively collect evidence and present his case.  ECF Nos. 20, 71, 103, 117, 140, 184.  The Court recognizes the difficulties that the transfer to California may have posed for Crow, but this is just one among many factors that the Court must consider in deciding whether to appoint counsel.  *See Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995) ("We also believe that Edgington's present confinement in a prison other than the prison where he claims his rights were violated is not sufficient to require that counsel be appointed."), *abrogated on other grounds*, *Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005); *Johnson v. Williams*, 788 F.2d 1319, 1323 (8th Cir. 1986) (" . . . [T]he weight to be given any one factor will vary with the case.").  The Court's views about the lack of factual and legal complexity of this case and about Crow's ability to litigate effectively without counsel have not changed, and thus his motion to appoint counsel is again denied.

*Second*, as to his procedural due-process claim, Crow complains that his waiver of his right to a hearing was not valid for a number of reasons.  But the waiver form signed by Crow was labeled "WAIVER OF HEARING — PLEA OF GUILTY" and consisted of two sentences, all in capital letters, that made it clear to Crow that he was giving up "ALL PROCEDURAL RIGHTS, INCLUDING APPEAL."  Wherley Aff. Ex. 8, at 2.  Nothing in the record suggests that Crow did not understand what this meant or that Crow did not act voluntarily in signing the waiver.

*Third*, as to Crow's retaliation claim, the record makes clear that defendants were making efforts to find an out-of-state prison that would accept Crow long before Crow's altercation with Duncan.  Obviously, then, defendants did not transfer Crow to California in retaliation for Crow's complaining about the fight.  Crow argues that even if his transfer was in the works *before* the fight, he was transferred to California *after* the fight instead of being transferred to a state with safer prisons.  But the evidence shows that no other options were available.  Defendants made inquiries of a number of states, but only California was willing to take Crow.  Malecha Aff. ¶ 7.

*Fourth*, attempting to revive his ex post facto claim, Crow seems to rely on an unidentified 1995 law regarding sex offenders.  (Crow's argument is difficult to follow.)  But the Ex Post Facto Clause protects against laws that are enacted *after* the commission of an offense and that retroactively increase the punishment for that offense.  *See Collins v. Youngblood*, 497 U.S. 37, 41-43 (1990); *United States v. Roberts*, 747 F.3d 990, 991 (8th Cir. 2014).  Crow has not pointed to any such law.  (Crow committed his crime in 2004.)

*Finally*, Crow maintains that other prison officials are liable as supervisors in connection with the alleged violations of Crow's constitutional rights.  But given that the Court has found that Crow's constitutional rights were not violated, none of the defendants can be found liable on any theory.  *See Brockington v. City of Sherwood, Ark.*, 503 F.3d 667, 673 (8th Cir. 2007); *Thompson v. Hubbard*, 257 F.3d 896, 898-99 (8th Cir. 2001); *Wilson v. Spain*, 209 F.3d 713, 717 (8th Cir. 2000).

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES plaintiff's objection [ECF No. 206] and ADOPTS the July 31, 2014, R&R [ECF No. 198].  IT IS HEREBY ORDERED THAT:

1.  Plaintiff's objections to Judge Noel's June 30, 2014, discovery orders [ECF Nos. 189 & 191] are OVERRULED and the orders are AFFIRMED.

2.  Plaintiff's motion to appoint counsel [ECF No. 208] is DENIED.

3.  Defendants' motion for summary judgment [ECF No. 166] is GRANTED.

4.  Plaintiff's remaining claims are DISMISSED WITH PREJUDICE.

5.  Plaintiff's objection to the June 30, 2014, R&R [ECF No. 188] recommending denial of plaintiff's motion for a temporary restraining order is OVERRULED as moot.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 2, 2014                    s/Patrick J. Schiltz
                                           Patrick J. Schiltz
                                           United States District Judge